UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EMMANUEL RAMOS**          ) | Civil Action No. 3:21-CV-01343 (VAB) |
|     Plaintiff,                              ) | |
|                                                       ) | |
| v.                                                       ) | |
|                                                       ) | |
| **CITY OF HARTFORD**           ) | |
|     Defendant.                          ) | |
|                                                       ) | DECEMBER 7, 2022 |

**PLAINTIFF'S MEMORANDUM OF
LAW IN SUPPORT OF HIS MOTION TO
COMPEL FULL AND COMPLETE DISCOVERY RESPONSES**

Plaintiff Emmanuel Ramos, through counsel, submits this Memorandum of Law in Support of His Motion to Compel Full and Complete Discovery Responses from the Defendant, the City of Hartford. On March 3, 2022, Mr. Ramos served on the Defendant his First Set of Interrogatories and Requests for Production, and although the Defendant has provided some answers to Mr. Ramos's discovery requests, those answers were not verified and there remain a substantial number of documents left unproduced, including a voluminous number of email communications requested and the production of which the Defendant has not objected.  Accordingly, the Court should compel the Defendant to provide verified answers to the requested Interrogatories and produce the requested documents.

**I.     BACKGROUND**

This Action involves various claims of employment discrimination occurring between Mr. Ramos and the Defendant premised on violations of the Fourteenth Amendment to the United States Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1). (*See generally*, Complaint, Entry No. 1.)  On October 11, 2021, after having exhausted his

administrative remedies, Mr. Ramos filed his Complaint and pursued litigation in this forum. (*Id.*) On March 30, 2022, Mr. Ramos then served his First Set of Interrogatories and Requests for Production on the Defendant via email. (Mar. 30, 2022, Email of Service of Discovery, attached hereto as **Exhibit A**; First Set of Interrogatories and Requests for Production, attached hereto as **Exhibit B**.)

Between March 30, 2022, and October 12, 2022, counsel for Mr. Ramos and the Defendant's counsel periodically discussed the Defendant's production and responses to Mr. Ramos's discovery requests. Notably, Mr. Ramos's counsel would inquire as to the status of the Defendant's responses, and Defendant's counsel would reply that they needed additional time to respond. Finally, on August 1, 2022, Defendant's counsel provided a partial response to Mr. Ramos's discovery responses; however, these were incomplete. (Aug. 1, 2022, Email from Def., attached hereto as **Exhibit C**; Defendant's Production, attached hereto as **Exhibit D**.) Namely, the responses to the Interrogatories are deficient in the following ways:

- Interrogatory No. 1 requests all persons who have knowledge regarding, *inter alia*, the allegations in the Complaint; however, the Defendant first objected to the question in that it "assum[ed] knowledge . . . about the Defendant harassing . . . Latino employees" and that the request was overbroad. It then did not answer the question, claiming that it never harassed any committed any of the allegations in the Complaint—that was not the question and its answer, therefore, was unresponsive.

- Interrogatory No. 2 requested details regarding the nature and substance of the knowledge the person(s) identified in the preceding interrogatory had, to which the Defendant refused to answer, instead citing back to its answer to Interrogatory No. 1.

- Interrogatory No. 9 requested all complaints of discrimination and/or retaliation made

against the Defendant's Fire Department within the past ten years, to which the Defendant replied that it provided a "partial list," and that a list for complaints in the past five years "has been requested and will be provided once received." To date no such supplemental list has been provided.

- Interrogatory No. 10 requested the Defendant to identify which allegations in the Complaint the Defendant was aware prior to the service of the Complaint—the Defendant left this Interrogatory blank.

- Interrogatory No. 14 requested the Defendant to identify all training provided to the Defendant's employees regarding employment discrimination/harassment. Although the Defendant provided documents detailing online training that had been provided, it also identified that it had requested additional information "from the City"[1] and would be providing that information in the future. To date, no such supplemental information has been provided.

- Interrogatory No. 19 requested that the Defendant identify why Chief Sheriff permitted Chief Reilly to report his day off as an "earned day" when he was in actuality sick, but declined to provide the Plaintiff with the same opportunity—the Defendant also left this Interrogatory blank.

- Further, in addition to the lack of responses to the above Interrogatories, the Defendant's answers were neither verified nor contained any signatory to their authenticity.

Mr. Ramos also presented Requests for Production, including Nos. 4 and 6, the former

---

[1] Requesting information "from the City" appears nonsensical when the Defendant *is* "the City." Presumably there are some other agents or departments within the city from whom Defendant's counsel is requesting this information, but those persons are not named or otherwise identified.

requesting all "non-privileged communications" regarding the allegations in the Complaint, and the latter requesting all *emails* concerning the allegations in the Complaint. In response, the Defendant answered that it would be producing said emails; however, no such production has occurred as of this filing. Further, the fact that the Defendant is producing *any* communications runs contrary to the representations in the preceding Interrogatories: in response to Interrogatory Nos. 3 and 4—which asked the Defendant to identify all communications between persons regarding the allegations in the Complaint—the Defendant answered that "[n]o non-privileged communications have occurred." (**Exhibit D**.)

On October 12, 2022, Mr. Ramos's counsel contacted Defendant's counsel and informed them that several depositions needed to be conducted related to this Action, and that outstanding discovery related to this Action was due. (Oct. 12, 2022, Email Chain with Opposing Counsel, attached hereto as **Exhibit E**.) Opposing counsel indicated via telephone that she would be supplying the requested documents, and then by email also confirmed that she would try to obtain deposition dates for the requested individuals. (*Id.*) To date, however, no such production has occurred, and no such dates have been provided for depositions.

On October 28, 2022, the Parties filed a Motion to Amend the Scheduling Order to permit additional time to complete discovery and, more specifically, to provide the Defendant additional time to provide the outstanding production and answers to discovery. (Entry No. 24.) Despite this extension and an additional month of waiting, the Defendant has not provided the requested discovery on this matter, over eight months after Mr. Ramos initially submitted his First Set of Interrogatories and Requests for Production to the Defendants.[2]

---

[2] In the related matter of *Cosme v. City of Hartford*, Judge Hall mandated that the Defendant produce the

Mr. Ramos now seeks the production of said discovery through this Motion to Compel. The Defendant has not provided the requested discovery responses and production by the required date, and there is no indication that said disclosures are forthcoming. Accordingly, the Court should compel the Defendant's production and set a date certain for said disclosure or impose sanctions as appropriate.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Federal Rules are to be construed liberally in favor of discovery, such that "[t]he party resisting discovery bears the burden of showing why a discovery request should be denied." *Jacobs v. Connecticut Cmty. Tech. Colleges*, 258 F.R.D. 192, 195 (D. Conn. 2009).

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 33 permits a party to serve interrogatories as to any matter that may be inquired into under Rule 26(b), and Fed. R. Civ. P. 34 permits a party to serve on another a party a request for production of documents. Fed. R. Civ. P. 34(B)(2)(b) requires that the production of responsive documents "be completed no later than the time for

---

outstanding discovery by November 28, 2022, or the plaintiff there should file a motion to compel. No such discovery occurred, and on December 2, 2022, Mr. Cosme filed his motion to compel, which Judge Hall has now set for a show cause hearing on December 19, 2022. Indeed, during the status conference on that matter where Judge Hall mandated that the Defendant make its production, the Defendant's counsel stated that they would produce the Defendant's responses in this Action; however, there has still not been any such production.

inspection specified in the request or another reasonable time specified in the response."

Under Fed. R. Civ. P. 37, a party may move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with Fed. R. Civ. P. 33 and 34. Rule 37 further provides that a party may seek to compel discovery when, as here, a responding party fails to answer an interrogatory or refuses to provide requested documents or information. Under Fed. R. Civ. P. 37(a)(4), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Further, when a motion to compel is granted, under Fed. R. Civ. P. 37(a)(5)(A) the court must "require the party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

**B.     The Defendant Should be Required to Fully and Completely Respond to the Plaintiff's Interrogatories and Pay Attorneys' Fees.**

Here, the Defendant has failed to provide full and complete responses to the Plaintiff's Discovery Requests as required by Fed. R. Civ. P. 34, and, therefore, the Court, should compel the Defendant's compliance as set forth under Rule 37.

On March 3, 2022, the Plaintiff initially served discovery on the Defendant—nearly nine months prior to filing this Motion to Compel—and the Plaintiff has still not received complete responses. Further, the responses that the Plaintiff has received up until this point are neither verified nor do they contain any signatory to their authenticity. The Plaintiff has made numerous attempts at requesting the outstanding discovery, but the Defendant has failed to produce any answers, instead insisting that it needs more time. Although this Court has extended the time for discovery to be completed until April of 2023, the Defendant must be compelled to produce this discovery so that litigation can continue and this matter can be expeditiously resolved.

Interrogatories No. 1 and 2 are the only unanswered Interrogatories to which Defendant has represented that they do not intend to answer. (**Exhibit D**.) Rather than provide a response, the Defendant objected on the basis that the Interrogatory assumes that the Defendant harassed, unfairly disciplined, or retaliated against Latino employees, but this objection is evasive in that it mischaracterizes the question that was asked. Indeed, although the Defendant asserts that Interrogatory No. 1 assumes knowledge, it does not—the Plaintiff merely requests a list of individuals with information "relating to the *allegation*" that the Defendant harassed, unfairly disciplined or retaliated against Latino employees, and as a result the Interrogatory cannot be said to assume that any such allegation is true. (**Exhibit B.**) Further, although the Defendant argues that the Interrogatory is overbroad, it fails to assert any reasons or basis for that claim. For the same reasons, the Defendant's Objection to Interrogatory No. 2 is invalid.

Aside from Interrogatory Nos. 1 and 2 the Defendant has not presented a valid Objection justifying its failure to answer the other Interrogatories identified herein. Instead, the Defendant has simply declined to answer at all or has claimed that the answers would be supplemented once additional information was received "from the City." As of this filing, however, the Defendant has not presented any of these supplemented answers or documents. Indeed, Interrogatories Nos. 10 and 19 were left completely blank without any explanation or objection.

Further, some of the answers provided by the defendant City are demonstrably false. Namely, its response to Interrogatory Nos. 3 and 4 that there were no non-privileged communications regarding the complaint is incorrect, where the Defendant's counsel has represented in its later answers to the Requests for Production that there are email

7

LAW OFFICES OF
**FAZZANO & TOMASIEWICZ**
96 Oak Street • Hartford, CT 06106 • (860)231-7766 • Fax (860) 560-7359 • Juris No. 414049

communications concerning the allegations—emails that the Defendant still has not produced despite repeated representations that it would be producing them. (**Exhibit D**.)

When determining the appropriate sanctions for a non-compliant party, court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012). Courts in the Second Circuit have repeatedly held that prolonged and sustained failures to provide discovery responses can be seen as "willfulness" that warrants extreme sanctions, such as an entry of default judgment/nonsuit. *See*, *e.g.*, *Shaw v. Yale New Haven Hosp.*, 3:18-CV-00067 (VLB), 2019 U.S. Dist. LEXIS 120562, at *26–*28 (D.Conn. Jul. 19, 2019) (granting motion to compel and setting dates for discovery or facing dismissal when party repeatedly failed to respond to discovery); *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 U.S. Dist. LEXIS 116111, at *9–*11 (S.D.N.Y Aug. 19, 2014) (affirming magistrate's entry of dismissal for plaintiff's failure to respond to discovery). Accordingly, here, the Court should compel the Defendant to answer the requested Discovery and set a date certain for its compliance or face appropriate sanctions.

Accordingly, the Court should compel the Defendant to fully and completely answer—with verification—Interrogatory Nos. 1, 2, 3, 4, 9, 10, 14, and 19 because the Plaintiff has not yet received a complete—or in some instances any— response to date. Further, the Court should compel the Defendant to provide all outstanding documents requested, including the email communications regarding the allegations in the Complaint that the Defendant has repeatedly stated that it would produce but has not as of this date.

In addition to an order compelling discovery, the Court should grant the Plaintiff costs associated with preparing this motion under Fed. R. Civ. P. 37(a)(5). The Defendant has not provided any justification for their failure to respond to discovery, and Defense counsel has affirmatively acknowledged that they need to answer the outstanding Interrogatories at several points. (*See* **Exhibit D**.) Additionally, Plaintiff's counsel has made numerous attempts to acquire the outstanding Discovery without court intervention and has allowed the Defendant several extensions based on its counsel's promise to produce. (*Id.*) As none of the exceptions to Fed. R. Civ. P. 37(a)(5)(A) can be appropriately applied here, the Court should award the Plaintiff attorneys' fees in preparing and filing this Motion.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court compel the Defendant to produce full and complete responses, including responsive documents, to Plaintiff's Interrogatories and Requests for Production as detailed above, or face sanctions as appropriate. In addition, under Fed. R. Civ. P. 37(a)(5) the Plaintiff seeks attorneys' fees and costs associated with preparing this Motion, as well as any additional relief as deemed just by this Court.

> RESPECTFULLY SUBMITTED,
> THE PLAINTIFF
> EMMANUEL RAMOS
>
> By  /s/ Gregory A. Jones (ct30715)
>       Gregory A. Jones (ct30715)
>       Fazzano & Tomasiewicz, LLC
>       96 Oak Street
>       Hartford CT 06106
>       T: (860) 231-7766
>       F: (860) 560-7359
>       E: gjones@ftlawct.com
>       *His Attorneys*