UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMANUEL RAMOS,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF HARTFORD,<br>*Defendant*. | No. 3:21-cv-1343 (VAB) |

**RULING AND ORDER ON MOTION TO COMPEL**

Emmanuel Ramos ("Plaintiff") has sued the City of Hartford, Connecticut ("Hartford" or "Defendant"), asserting claims for employment discrimination under federal and state law. Second Am. Compl., ECF No. 23 ("SAC"). Mr. Ramos alleges that he and other Latino employees of the Hartford Fire Department were subject to repeated instances of harassment and retaliation based on their race. *See id.* ¶ 8.

Mr. Ramos has filed a motion to compel Hartford to respond to his first set of interrogatories and requests for production. Pl.'s Mot. to Compel Full and Complete Disc. Resps., ECF No. 26 ("Mot. to Compel").

For the foregoing reasons, Mr. Ramos's motion to compel is **GRANTED in part** and **DENIED in part**.

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 1 and No. 2. Hartford is ordered to respond to Interrogatories No. 1 and No. 2 as they relate to "the allegation that the Defendant City Fire Department harassed, unfairly disciplined, and/or retaliated against Latino employees, as set forth" in ¶ 11 of the Second Amended Complaint.

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 3 and No. 4. Hartford is ordered to respond to Interrogatories No. 3 and No. 4 based on the interpretation of those interrogatories set forth below.

Mr. Ramos's motion is **GRANTED** as to Interrogatory No. 9. Hartford is ordered to supplement its response to Interrogatory No. 9 as limited to "employment discrimination complaints filed by Hartford Fire Department employees within the last 5 years."

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 10, No. 14, and No. 19. Hartford is ordered to provide responses to Interrogatories No. 10 and No. 19 and to supplement its response to Interrogatory No. 14 with information "requested from the City," as indicated in its initial response.

Mr. Ramos's motion is **GRANTED** as to Requests for Production No. 4 and No. 6. Hartford is ordered to provide responses to these requests.

Mr. Ramos's motion is **DENIED** as to his request for attorney's fees and costs.

Hartford is ordered to provide the discovery responses described above by **May 26, 2023**.

After receipt of this outstanding discovery, Mr. Ramos may file a motion for an extension of the deadline for depositions of fact witnesses or other pretrial deadlines. *See* Order, ECF No. 25.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Mr. Ramos has worked for the Hartford Fire Department since 1999 and currently holds the rank of captain. SAC ¶¶ 6–7. He alleges that the Department's African American supervisors and administration subjected him and other Latino employees to repeated instances of harassment and unfair discipline. *Id.* ¶¶ 8, 10.

On October 11, 2021, Mr. Ramos filed his Complaint in federal court. Compl., ECF No. 1.

On December 3, 2021, Mr. Ramos filed an Amended Complaint, Am. Compl., ECF No. 14.

On December 15, 2021, the parties submitted a Rule 26(f) Report, and the Court issued a scheduling order two days later. First Report of Rule 26(f) Planning Meeting, ECF No. 15; Scheduling Order, ECF No. 16.

On January 11, 2022, Hartford filed an Answer to Mr. Ramos's Amended Complaint. Answer, ECF No. 18.

On March 30, 2022, Mr. Ramos served his first set of interrogatories and requests for production. Exs. A, B to Mot. to Compel, ECF Nos. 26-2 ("E-Mail Service of Discovery"), 26-3 ("Pl.'s Discovery Requests").

On July 22, 2022, Mr. Ramos filed a Second Amended Complaint. SAC.

On August 1, 2022, Hartford provided a response to Mr. Ramos's discovery requests. Exs. C, D to Mot. to Compel, ECF Nos. 26-4 ("E-Mail Response"), 26-5 ("Def.'s Responses").

On December 7, 2022, Mr. Ramos filed a motion to compel. Mot. to Compel; Pl.'s Mem. of Law in Supp. of his Mot. to Compel, ECF No. 26-1 ("Mem.").

On December 8, 2022, the Court denied Mr. Ramos's motion without prejudice to renewal following a discovery conference. Order, ECF No. 27. The Court directed Hartford to file a response explaining why the discovery sought had not been provided and the legal bases for not providing it by December 15, 2022. *Id.*

On January 11, 2023, after receiving an extension of time, Hartford filed its response to the motion to compel. Def.'s Opp'n to Mot. to Compel, ECF No. 33 ("Opp'n"); Order, ECF No. 29 (granting motion for extension of time).

Mr. Ramos has not filed a reply in support of his motion to compel.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(b)(1), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to produce documents as requested under Rule 34 of the Federal Rules, the party seeking discovery may move for an order compelling production. Fed. R. Civ. P. 37(a)(3). In the case of such a dispute, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

The Court exercises broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)).

## III. DISCUSSION

Mr. Ramos argues that Hartford has failed to comply with his discovery requests over the nine months since Hartford was served with the requests. His motion asserts that many of Hartford's answers were incomplete or evasive and that some of Mr. Ramos's requests were not addressed at all. Mr. Ramos seeks an order compelling Hartford to disclose documents and information relating to Plaintiff's employment discrimination claims. According to Mr. Ramos, Hartford should be required to turn over a "substantial number of documents left unproduced,

4

[and a] voluminous number of email communications requested and the production of which the Defendant has not objected." Mot. to Compel at 1. Thus, Mr. Ramos asks the Court to compel discovery and "set a date certain for said disclosure or impose sanctions as appropriate." *Id.* at 5. Mr. Ramos also seeks attorney's fees under Federal Rule of Civil Procedure 37(a)(5) for costs associated with this motion. *Id.* at 9.

In response, Hartford argues that many of Mr. Ramos's requests are overbroad, unduly burdensome, and exceed the scope of permissible discovery. *See* Opp'n at 5. Hartford also argues that it has already fully complied with some of Mr. Ramos's other requests. *See id.* at 7. Finally, Hartford argues that Mr. Ramos has not sufficiently challenged Hartford's objections to certain interrogatories or assertions of compliance to others before seeking court intervention. *See id.* at 3–4. Hartford argues that this failure constitutes good cause exists to deny Mr. Ramos's request for attorney's fees. *See id.* at 5.

The motion to compel concerns several interrogatories and two requests for production. Interrogatories No. 1 and No. 2 seek information on all persons with knowledge, documents, or information relating to Mr. Ramos's claims. Pl.'s Discovery Requests at 4–5. Interrogatories No. 3 and No. 4 seek information regarding all persons who have had non-privileged communications regarding the Complaint, and the nature and substance of those communications. *Id.* at 5. Interrogatory No. 9 seeks to identify all persons who have made complaints of employment discrimination against the Hartford Fire Department in the last ten years, as well as the nature and substance of those complaints. *Id.* at 8. Interrogatory No. 10 seeks information about which of Mr. Ramos's allegations Hartford knew about before the Complaint was filed. *Id.* at 9. Interrogatory No. 14 asks for information regarding anti-discrimination trainings, procedures, sessions, and personnel. *Id.* at 10. Finally, Interrogatory 19

5

seeks information about a particular instance in which Plaintiff was allegedly not allowed the same opportunity to take a day off as an African American counterpart. *Id.* at 11.

Additionally, Plaintiff seeks to compel production of e-mail and other communications related to the allegations in the Complaint. Request for Production No. 4 requests "copies of all internal non-privileged communications regarding the allegations of the Amended Complaint." *Id.* at 16. Request for Production No. 6 seeks, "to the extent not previously disclosed, copies of all emails outlined in the Amended Complaint." *Id.*

The Court will address each of these issues in turn.

### A. Compliance with Rule 37

As a threshold matter, Hartford argues that the Court should deny the motion to compel with respect to Interrogatories No. 1–4 because Mr. Ramos failed to file the required certification along with his motion. Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." District of Connecticut Local Rule 37 further provides that no motion shall be filed under Federal Rules of Civil Procedure 26 through 37 "unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."

These rules are "designed to assist the Court in ensuring that (1) the parties have made a good faith effort to reach resolution without Court intervention and (2) the Court is aware of the extent to which any disputes have been resolved in whole or in part." *Hollis v. Dep't of Mental Health*, No. 3:14-cv-00516 (AWT), 2016 WL 1408077, at *2 (D. Conn. Apr. 8, 2016).

Here, a representation by Plaintiff's counsel in the motion to compel that counsel "made numerous attempts to acquire the outstanding Discovery without court intervention and has allowed the Defendant several extensions" does not fully satisfy these purposes, nor does it comply with the formal requirements of Rule 37(a). *See* Mem. at 9. "A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules. Rather, under Local Rule 37(a), a movant must confer with opposing counsel and must discuss discovery disputes *in detail* and in good faith." *Doe v. Mastoloni*, 307 F.R.D. 305, 313 (D. Conn. 2015). Furthermore, Local Rule 37(a) requires parties to meet "in person or by telephone" before filing a motion to compel discovery. D. Conn. L. Civ. R. 37(a).

Despite this failure, the Court will consider the merits of Mr. Ramos's motion to compel. *See Hollis*, 2016 WL 1408077, at *2 (considering the plaintiff's motion to compel despite his failure to comply with Rule 37(a)). But in doing so, "the Court will narrowly construe plaintiff's arguments, and will accept as admitted any arguments raised by defendants that are not opposed by plaintiff." *Id.*

### B. Interrogatories No. 1 and No. 2

In Interrogatory No. 1, Plaintiff seeks to identify "all persons who have, claim to have, or who you believe may have knowledge, documents, or information relating to the allegation that the Hartford Fire Department harassed, unfairly disciplined, and/or retaliated against Latino employees, as set forth in the Amended Complaint." Pl.'s Discovery Requests at 4.

Interrogatory No. 2 asks for a description of the "nature and substance of the knowledge, documents, or information that you believe the person(s) identified in response to Interrogatory No. 1 may have." *Id.* at 5.

In its response, Hartford objects to these interrogatories for "assuming knowledge, documents or information about the Defendant harassing, unfairly disciplining, and/or retaliating against Latino employees." Def.'s Responses at 1–2.

Mr. Ramos contends that Defendant's response was evasive and mischaracterized the question. Mem. at 7. He points out that he merely requested a list of individuals with information "relating to the *allegation*" that Hartford harassed or treated Latino employees unfairly, arguing that this a request does not assume the truth of those allegations. *Id.* (emphasis in original).

Hartford, meanwhile, argues that Interrogatories No. 1 and No. 2 are overbroad, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b) as they are not proportional to the needs of the case. *See* Opp'n at 6–7. Hartford contends that these requests would require significant investigation and that Mr. Ramos is better situated to identify the individuals with knowledge of these incidents. *See id.* at 6. Moreover, Hartford argues that it would be unduly burdensome to identify individuals with knowledge of incidents involving unnamed individuals in Plaintiff's complaint while also identifying individuals with knowledge of other unidentified claims of harassment against Latino employees. *See id.* at 7.

The Court disagrees.

As Mr. Ramos points out in his motion, Interrogatory No. 1 does not assume the truth of the allegation that Hartford harassed, unfairly disciplined, and retaliated against Latino employees. It requests information "relating to" this allegation "as set forth in the Amended Complaint." Pl.'s Discovery Requests at 4. This phrase encompasses both information related to any harassment or retaliation and information related to accusations or complaints of such conduct. Hartford does not assert in its discovery response that it has no information relating to

accusations of harassment, unfair discipline, or retaliation against Latino employees. *See* Def.'s Responses at 1–2.

Even when interpreted correctly, this request is not overbroad. The interrogatory is limited to information relating to allegations of discrimination "as set forth in the Amended Complaint." The Amended Complaint lists several specific instances which Mr. Ramos alleges demonstrate discrimination against Latino employees. *See* SAC ¶ 11.[1] "It is well settled that prior complaints made against a defendant, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the Complaint or are relevant to the defendant's truth or veracity." *Boyd v. Gentile*, No. 16-cv-6649, 2019 WL 1237084, at *2 (W.D.N.Y. Mar. 18, 2019). Thus, information related to these alleged incidents is discoverable, and Mr. Ramos has offered sufficiently specific allegations from which Hartford could identify the individuals involved and the information sought.

Mr. Ramos's Second Amended Complaint also alleges that "Plaintiff and other Latino employees were subject to continual instances of harassment and unfair discipline from the Defendant." SAC ¶ 8. Plaintiff might not be entitled to request all information relating to this general allegation, particularly over an unbounded timeframe, but the rest of Mr. Ramos's interrogatories show that Interrogatory No. 1 is not so broad. Interrogatory No. 9 requests information relating to any complaints of employment discrimination and retaliation made

---

[1] Mr. Ramos's discovery request refers to the First Amended Complaint, ECF No. 14, which was the operative pleading at the time Mr. Ramos served his first set of discovery requests. The Second Amended Complaint adds one alleged incident to the list contained in ¶ 11. *See* ECF No. 21-1 (redline comparing the Second Amended Complaint and the First Amended Complaint). Because this difference is minor and Hartford has had notice of the alleged incidents listed in the Second Amended Complaint since July 2022, Hartford will be directed to respond to Interrogatories No. 1 and No. 2 as they relate to the operative Second Amended Complaint. *See also* Opp'n at 2 (noting that Hartford likewise "reads references in the discovery requests to the Amended Complaint as pertaining to the Second Amended Complaint").

9

against the Hartford Fire Department in the past ten years. Thus, Interrogatory No. 1 is most naturally construed as requesting information related to the specific allegations of discrimination contained in ¶ 11 of the Second Amended Complaint, rather than the general allegation that Latino employees were subject to discrimination.

The Court also disagrees with Hartford that Mr. Ramos is better positioned to identify the individuals who might have knowledge of these allegations. Although Mr. Ramos was present during some of the meetings described, he was not directly involved in other alleged incidents. Furthermore, he could not reasonably be expected to know about others to whom the named individuals reported or otherwise communicated internally.

Accordingly, Hartford will be ordered to respond to Interrogatories No. 1 and No. 2 as they relate to "the allegation that the Defendant City Fire Department harassed, unfairly disciplined, and/or retaliated against Latino employees, as set forth" in ¶ 11 of the Second Amended Complaint.

### C. Interrogatories No. 3 and No. 4

In Interrogatory 3, Mr. Ramos requests identification of "all persons with whom you have had any non-privileged communication about the allegations in the Amended Complaint." Pl.'s Discovery Requests at 5.

Interrogatory 4 seeks a description of the "nature and substance of the communications you had with each person identified in response to Interrogatory No. 3." *Id.*

In response to both interrogatories, Hartford stated that "no non-privileged communications have occurred." Def.'s Responses at 2.

Plaintiff argues that these responses are contradicted by Hartford's responses to Requests for Production No. 4 and No. 6. Mem. at 7–8. Those requests sought "communications regarding

the allegation of the Amended Complaint" and "emails outlined in the Amended Complaint," and Hartford responded that "[e]mails have been requested and will be provided upon receipt." Def.'s Responses at 15. Mr. Ramos argues that Hartford's assertion that e-mails could be produced in response to these requests is inconsistent with its assertion that no non-privileged communications "about the allegations in the Amended Complaint" occurred. *See id.* at 2.

Hartford seeks to reconcile these responses by arguing that Interrogatories No. 3 and No. 4, by referring to "communication about the allegations in the Amended Complaint," request only information related to "communications occurring after the filing of the Complaint," while Requests for Production No. 4 and No. 6 "instead seek communications predating the filing of the Complaint pertaining to the underlying incidents themselves." Opp'n at 8–9. Hartford points to Request for Production No. 4's reference to "email communications regarding Defendant's treatment of the Plaintiff" and Request for Production No. 6's reference to "copies of all emails outlined in the Amended Complaint," arguing that these phrases refer to communications that predate the Complaint itself. *See id.* These references, Hartford contends, show that Requests for Production No. 4 and No. 6 are broader in scope than the interrogatories. *See id.* Thus, according to Hartford, the existence of documents responsive to those requests does not negate its assertion that there are no non-privileged communications responsive to Interrogatories No. 3 and No. 4. *See id.* at 9.

The Court disagrees.

Interrogatories No. 3 and No. 4 request information related to communications "about the allegations in the Amended Complaint." Pl.'s Discovery Requests at 5. Request for Production No. 4, meanwhile, seeks communications "regarding the allegations of the Amended Complaint." *Id.* at 16. Hartford does not attempt to argue that these phrases refer to different sets

11

of communications. Instead, Hartford appears to suggest that both of these phrases incorporate only communications that occurred after this lawsuit was filed and that refer to the Complaint itself. *See* Opp'n at 8 & n.6.

In Hartford's view, communications "about the 'allegations in the Complaint'" are not equivalent to "communications about the incidents alleged in the Complaint." *Id.* at 8 n.6. This distinction is too fine: courts routinely use phrases like "about the allegations in the Complaint" to refer to the underlying alleged incidents and rather than merely to the assertion of those allegations through the filing of the Complaint or some other means. *See, e.g.*, *Henderson v. Rite Aid of New York, Inc.*, No. 16-cv-785V (SR), 2018 WL 3023378, at *6 (W.D.N.Y. June 18, 2018) (in a dispute over an interrogatory seeking communications "on the subject matter of this action," overruling the plaintiff's objection and ordering her to identify any communications "regarding the allegations set forth in her complaint").

Thus, notwithstanding Hartford's arguments, the Court concludes that requests for communications about or regarding the allegations of the Amended Complaint in Interrogatories No. 3 and No. 4 and Request for Production No. 4 all refer to communications about the underlying alleged incidents.

This interpretation finds support in Hartford's own position. As noted above, Request for Production No. 4 seeks "communications regarding the allegations of the Amended Complaint." The request further specifies that this category is "including, but not limited to, any email communications regarding Defendant's treatment of the Plaintiff." Pl.'s Discovery Requests at 16. Hartford concedes that this reference to "any email communications regarding Defendant's treatment of the Plaintiff" includes communications that predate the filing of the Complaint. *See* Opp'n at 8. In fact, it is this reference that makes Request for Production No. 4 broader than the

interrogatories, in Hartford's view. But the "including, but not limited to" language of Request for Production No. 4 makes clear that "communications regarding Defendant's treatment of the Plaintiff" are a subset of the broader category of "communications regarding the allegations of the Amended Complaint." Thus, this broader category, which is also referenced in Interrogatories No. 3 and No. 4, includes communications that precede the filing of the Complaint.

Finally, Hartford argues that interpreting the phrase "about the allegations in Complaint" to refer to the underlying alleged incidents—as the Court has—would make Requests for Production No. 4 and No. 5 largely duplicative of Request for Production No. 3. *See* Opp'n at 8 n.6. Request No. 3 seeks "any non-privileged statements regarding the allegations of the Complaint," while Request No. 4 seeks "all internal non-privileged communication regarding the allegations of the Amended Complaint," and Request No. 5 seeks "any non-privileged reports, documents, and/or memoranda detailing investigation conducted by the Defendant regarding the allegations of Plaintiff's Amended Complaint." Pl.'s Discovery Requests at 15–16.

Hartford appears to argue that "any non-privileged statements," as referenced in Request No. 3 includes "internal non-privileged communication" and "non-privileged reports, documents, and/or memoranda," as referenced in Requests No. 4 and No. 5. Hartford does not, however, explain how this purported redundancy could be avoided by interpreting the phrase "regarding the allegations of the Amended Complaint" as referring to the making of those allegations in the Complaint itself rather than the underlying alleged incidents. Furthermore, the three requests may be reconciled by interpreting "statements" to refer to communications made or published by Hartford externally or to third parties; this category does not include the internal communications or reports requested in Requests for Production No. 4 and No. 5.

13

Accordingly, Hartford will be ordered to respond to Interrogatories No. 3 and No. 4 based on the interpretation of those interrogatories set forth above.

### D. Interrogatory No. 9

In Interrogatory No. 9, Mr. Ramos requests that Hartford provide the following information:

> "For the past 10 years, identify all persons who have made complaints of employment discrimination and/or retaliation against Defendant's Fire Department or its employees or officers. Provide the allegations of the complaint(s) in detail and describe any action taken by the Defendant or its employees in response to each complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained about employment discrimination and/or retaliation."

Pl.'s Discovery Requests at 8.

Hartford objected that this interrogatory was "overbroad in duration" and "irrelevant insofar as the Plaintiff is seeking information beyond the scope of" his allegations in the Complaint. Def.'s Responses at 6. Notwithstanding these objections, Hartford agreed to provide "all employment discrimination complaints made by Latino employees in the past five years." *Id.* Hartford stated that it had requested these complaints and would provide them once they had been received. *Id.* Hartford also provided a partial list—apparently as an interim response before receiving the requested complaints—and states that this list "will be supplemented if additional documents come to light." *Id.*

Mr. Ramos argues that while Hartford did provide this "partial list," it never provided the promised supplement. *See* Mem. at 2–3. As Hartford notes, Mr. Ramos does not appear to challenge Hartford's objection as to the scope of the request, merely their failure to follow through on the promise to supplement the list. *See* Opp'n at 1 n.1. In response, Hartford indicated that, if Mr. Ramos agreed to limit Interrogatory No. 9 to "employment discrimination complaints

14

filed by Hartford Fire Department employees within the last 5 years," Hartford would not press its objection but would supplement its response to the request as limited. *Id.* Because Mr. Ramos has not filed a reply disputing Hartford's interpretation of his position, the Court concludes that Mr. Ramos seeks only a supplement to the list Hartford initially promised to provide.

Accordingly, Hartford will be ordered to supplement its response to Interrogatory No. 9 as limited to "employment discrimination complaints filed by Hartford Fire Department employees within the last 5 years."

### E.  Interrogatories No. 10, No. 14, and No. 19

In Interrogatory No. 10, Mr. Ramos seeks "allegations in the Amended Complaint of which Defendant was aware prior to the service of the Complaint in the lawsuit," as well as "employees who were aware of such facts . . . and Defendant's response to such facts, if any." Pl.'s Discovery Requests at 9. Hartford neither responded nor objected to this interrogatory. *See* Def.'s Responses at 7.

In Interrogatory No. 14, Plaintiff seeks description of "all training, if any, provided to Defendant's employees regarding the prevention of employment discrimination/harassment, retaliation, and complaint procedures, including the date and place of each training session." Hartford responded that "[t]his information has been requested from the City. Human Resources records reflecting on-line training have been provided. Additional records, if any, will be provided as received." *See* Def.'s Responses at 8.

In Interrogatory No. 19, Plaintiff asks Hartford to "[i]dentify why Chief Sheriff permitted Chief Reilly to report his day off as an 'earned day' when he was in actuality sick, and did not provide the Plaintiff with the same opportunity, as detailed in ¶ 11.d of the Amended

15

Complaint." Pl.'s Discovery Requests at 11. As with Interrogatory No. 10, Hartford neither objected nor responded to Interrogatory No. 19. *See* Def.'s Responses at 10.

Mr. Ramos argues that the Court should order Hartford to respond to Interrogatories No. 10 and No. 19 because Hartford has not presented a valid objection justifying its failure to answer these interrogatories. *See* Mem. at 7. As to Interrogatory No. 14, Mr. Ramos asserts that, although Hartford initially provided some documents detailing online trainings, the additional information "requested from the City" has not been provided. *See id.* at 3.

Hartford has not asserted any objection to these interrogatories and does not mention them in its opposition.

The Court agrees with Mr. Ramos.

In the absence of any objection from Hartford, the Court will order Hartford to provide responses to Interrogatories No. 10 and No. 19 and to supplement its response to Interrogatory No. 14 with information "requested from the City," as indicated in its initial response.

F.  **Requests for Production No. 4 and 6**

In Request No. 4, Mr. Ramos seeks "[c]opies of all internal non-privileged communications regarding the allegations of the Amended Complaint, including, but not limited to, any email communications regarding Defendant's treatment of the Plaintiff." Pl.'s Discovery Requests at 16.

In Request No. 6, Mr. Ramos requests, "[t]o the extent not previously disclosed, copies of all emails outlined in the Amended Complaint." *Id.*

In response to both these Requests, Hartford stated that "[e]mails have been requested and will be provided upon receipt."

Mr. Ramos asserts that, to date, none of these Requests have been provided and asks the Court to compel Hartford to respond. *See* Mem. at 3–4, 8.

In response, Hartford argues that Request for Production No. 4 is overbroad, unduly burdensome, and beyond the scope of discovery under Federal Rule of Civil Procedure 26(a) because attempting to locate any email concerning the 'treatment of plaintiff,' regardless of what is alleged in the Complaint, "would require an intensive and exhaustive largely manual email search that certainly is not proportional to the needs of the case." Opp'n at 8 n.5. Hartford does not address Request for Production No. 6 in its opposition.

The Court agrees with Mr. Ramos.

Hartford initially agreed to provide these documents and only now asserts an objection to Request for Production No. 4. It concedes that this objection is untimely but offers no reason for excusing this untimeliness. *See id.* at 8 n.5. Furthermore, Hartford's initial indication that it had requested the relevant e-mails and would provide them upon receipt belies its argument that obtaining these documents would impose an undue burden.

Accordingly, the Court will order Hartford to respond to Requests for Production No. 4 and No. 6.

### G. Attorney's Fees

The prevailing party on a motion to compel is entitled to receive "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "An award of expenses is mandatory unless '(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances

make an award of expenses unjust.'" *Mirlis v. Greer*, No. 3:16-cv-678 (MPS), 2016 WL 7013452, at *1 (D. Conn. Nov. 30, 2016) (quoting Fed. R. Civ. P. 37(a)(5)(A)).

As discussed above, Mr. Ramos failed to comply with Rule 37(a) and Local Rule 37(a) by failing to submit a certification that he "in good faith conferred or attempted to confer" with Hartford regarding these disputes and by failing to show that he "conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail." Fed. R. Civ. P. 37(a)(1); D. Conn. L. Civ. R. 37(a). As a result, the first exception enumerated in Rule 37(a)(5)(A) is met, and the Court will not award attorney's fees.

Accordingly, Mr. Ramos's motion will be denied insofar as it seeks attorney's fees and costs.

IV. **CONCLUSION**

For the foregoing reasons, Mr. Ramos's motion to compel is **GRANTED in part** and **DENIED in part**.

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 1 and No. 2. Hartford is ordered to respond to Interrogatories No. 1 and No. 2 as they relate to "the allegation that the Defendant City Fire Department harassed, unfairly disciplined, and/or retaliated against Latino employees, as set forth" in ¶ 11 of the Second Amended Complaint.

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 3 and No. 4. Hartford is ordered to respond to Interrogatories No. 3 and No. 4 based on the interpretation of those interrogatories set forth above.

Mr. Ramos's motion is **GRANTED** as to Interrogatory No. 9. Hartford is ordered to supplement its response to Interrogatory No. 9 as limited to "employment discrimination complaints filed by Hartford Fire Department employees within the last 5 years."

Mr. Ramos's motion is **GRANTED** as to Interrogatories No. 10, No. 14, and No. 19. Hartford is ordered to provide responses to Interrogatories No. 10 and No. 19 and to supplement its response to Interrogatory No. 14 with information "requested from the City," as indicated in its initial response.

Mr. Ramos's motion is **GRANTED** as to Requests for Production No. 4 and No. 6. Hartford is ordered to provide responses to these requests.

Mr. Ramos's motion is **DENIED** as to his request for attorney's fees and costs.

Hartford is ordered to provide the discovery responses described above by **May 26, 2023**.

After receipt of this outstanding discovery, Mr. Ramos may file a motion for an extension of the deadline for depositions of fact witnesses or other pretrial deadlines. *See* Order, ECF No. 25.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of April, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE